IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

Case Number

LAURA RAAB and ANDRE RAAB,

    Plaintiffs,

v.

UNITED HEALTHCARE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, LAURA RAAB and ANDRE RAAB, by and through their undersigned attorneys, sue the Defendant, UNITED HEALTHCARE INSURANCE COMPANY (hereinafter referred to "UNITED HEALTHCARE") and allege:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees.

2. At all times materials hereto, the Plaintiff, ANDRE RAAB, was a resident of Seminole County, Florida. At all times material, the Plaintiff, LAURA RAAB, was a resident of Boulder, Colorado, who was covered under the policy of insurance obtained by and through her father, ANDRE RAAB, at issue in this litigation.

3. The Defendant, UNITED HEALTHCARE, was at all times material to this cause of action a foreign corporation registered to conduct business within the State of Florida and authorized to issue policies of health insurance within the State of Florida, including the one at issue herein.

4.  At all times material hereto the Plaintiff, ANDRE RAAB and his dependent daughter, LAURA RAAB, were insured under a policy of insurance issued by Defendant, UNITED HEALTHCARE, with the member I.D. of 858425977. A copy of the contract is within the Defendant's possession. A copy is not attached to this Complaint since the internet and other resources available to the Plaintiffs through UNITED HEALTHCARE do not provide access to a site permitting the policy to be accessed and downloaded in its entirety.

5.  On October 11, 2014 through December 31, 2014, LAURA RAAB sought care and treatment at Colorado DHCPF, University of Colorado Hospital, and from various additional providers in Colorado. The charges for that care and treatment were prepaid by the Plaintiff, ANDRE RAAB, in order to obtain a discount on the charges. In response to projected charges in the cumulative amount of $118,101.24, the Plaintiff, ANDRE RAAB, prepaid the sum of $49,189.00 to obtain a prepayment discount.

6.  On February 2, 2015, the initial claim consisting of twenty (20) pages of materials including the UNITED HEALTHCARE claim form with supporting documents and billing information was submitted by the Plaintiffs to UNITED HEALTHCARE Medical Clinics at Post Office Box 740800, Atlanta, GA and received at that address on or about February 4, 2015.

7.  On or about March 2, 2015, almost a month after submitting the claim along with supporting material, the online health account information on the UNITED HEALTHCARE system noted that the claim had not yet been scanned into the UNITED HEALTHCARE system. After contacting UNITED HEALTHCARE, the Plaintiff, ANDRE RAAB, was advised to resubmit the claim by fax and directions to forward the same claim materials to the Behavior Claims Department in Salt Lake City, UT. These documents were faxed by ANDRE RAAB to UNITED HEALTHCARE at 248-733-6000, with a fax submission noting that it was a "refiling" of the previously submitted claim.

2

8. On or about March 18, 2015, Plaintiff received five letters dated March 14, 2015, confirming UNITED HEALTHCARE's receipt of claims for healthcare services commencing on October 1, 2014. Each of the letters identified a separate claim number, even though the materials had been submitted as a single claim. The claim numbers referenced in the letters forwarded by UNITED HEALTHCARE INSURANCE COMPANY Greensboro Small Claims at Post Office Box 740800 in Atlanta, GA, dated March 4, 2015, confirmed receipt of the claims for healthcare services and further stated that the Plaintiffs did not need to take any additional steps or provide additional information at that time. The claim numbers referenced in those letters were as follows: 4974710475; 4974710476; 4974719477; 4974710478; and 4947410479.

9. On or about April 14, 2015, although the Plaintiff's claims were noted electronically to be in the system, they were all marked pending and no action was forthcoming. The Plaintiff, ANDRE RAAB, contacted UNITED HEALTHCARE for an update and was told by the representative answering the phone that approximately six (6) weeks had passed since the claim had been resubmitted. Plaintiffs were advised that the claim would be escalated to a supervisor who would contact them shortly.

10. On or about April 15, 2015, Plaintiff, ANDRE RAAB, received a voice message from Lou Campos at UNITED HEALTHCARE. Mr. Campos advised Mr. RAAB that he was being contacted based on the forwarding of a claim to him as the supervisor. Upon receipt of this voice message, on numerous occasions between April 15, 2015 and May 5, 2015, ANDRE RAAB attempted to contact Mr. Campos but was unable to reach him because Mr. Campos did not pick up his phone or return the call.

11. On May 5, 2015, Plaintiff, ANDRE RAAB, contacted UNITED HEALTHCARE's Salt Lake City's office to speak with a representative as a result of the failure to hear back from Mr. Campos. Plaintiff was advised by the representative with whom he spoke

3

that the claims were still categorized as "pending" and required additional information. According to that representative, UNITED HEALTHCARE required a copy of LAURA RAAB's medical file to complete the claim.

12. As a consequence, between May 5, 2015 and May 9, 2015, ANDRE RAAB contacted LAURA RAAB's medical providers in Colorado to request transmittal of her entire medical file to UNITED HEALTHCARE. Ms. RAAB's medical providers confirmed that her entire medical file had been sent by USPS Express EH-303933747 for next day delivery. On May 20, 2015, UNITED HEALTHCARE received LAURA RAAB's entire medical file from her medical providers in Colorado.

13. On June 23, 2015, ANDRE RAAB spoke with four (4) separate representatives at UNITED HEALTHCARE Customer Service to determine the status of payment of the claim. He was again advised by various representatives that the medical records were incomplete, but he was not told what was missing. Ultimately, he was transferred to a fourth representative named Jelisa, who advised that they had received the medical records, but because of the timing relating to the receipt of the records, UNITED HEALTHCARE would need to reprocess the claim with the medical records, but if not, the claim would be denied and would become eligible for an appeal.

14. UNITED HEALTHCARE ultimately denied these claims on the alleged but inaccurate basis that additional information was requested from the member and was not received within the required timeframe. UNITED HEALTHCARE denied these claims on this basis despite the fact that Plaintiff, ANDRE RAAB, was not advised by UNITED HEALTHCARE of the need for additional documentation until May 5, 2015 and only after he contacted UNITED HEALTHCARE to check the status of their claims. Furthermore, within two

(2) weeks of being advised by UNITED HEALTHCARE of the need of additional information, such information was provided to UNITED HEALTHCARE on May 20, 2015.

15. As such, UNITED HEALTHCARE's basis for denial of the Plaintiff's claims was false and erroneous. On October 27, 2015, counsel for the Plaintiff sent via priority overnight mail an appeal to UNITED HEALTHCARE at United Healthcare Appeals Post Office Box 30573, Salt Lake City, UT 84130-0573, outlining the erroneous basis for UNITED HEALTHCARE's denial of the Plaintiff's claim and requesting through UNITED HEALTHCARE's appeal process that the denials be reconsidered and to the extent that UNITED HEALTHCARE continues to deny the claims provide Plaintiffs with further information relating to the medical documentation which they claim was never received, the date or dates any such requests were made, the person to whom the request was made, and any clarification to instructions regarding the timeframe within which the requested information was to be provided for UNITED HEALTHCARE to timely process the claims.

16. On or about November 2, 2015, Plaintiff received a letter from UNITED HEALTHCARE advising that the correspondence from counsel would not be treated as an appeal, however that documents have been forwarded to the appropriate UNITED HEALTHCARE INSURANCE COMPANY Department for review. However, Plaintiffs never received a subsequent response from UNITED HEALTHCARE indicating any decision regarding the claims made by UNITED HEALTHCARE's Central Escalation Appeals Unit, nor from any other appropriate department for review to which this letter indicates the Plaintiff's claims had been sent.

17. On August 2, 2016 Plaintiffs filed a Civil Remedy Notice of Insurer Violation, filing number 318607, against UNITED HEALTHCARE INSURANCE COMPANY. On October 19, 2016, counsel for the Plaintiffs received a letter from UNITED HEALTHCARE

5

representative, Ann Gagner, again indicating that UNITED HEALTHCARE would submit the claim for review and requesting that Plaintiffs provide a signed Authorization for Release of medical records. On November 9, 2016, Plaintiff again reiterated that LAURA RAAB's entire medical file had previously been provided to UNITED HEALTHCARE's in May of 2015, and despite the passage of over nineteen (19) months, the claims had not been paid based on an erroneous denial.

18. On or about December 20, 2016, counsel for the Plaintiff received a phone message from Ms. Gagner at UNITED HEALTHCARE indicating that a response would be forthcoming before the end of the year regarding whether UNITED HEALTHCARE would ultimately reconsider its position and pay for these claims. UNITED HEALTHCARE never provided a response following Ms. Gagner's voice message of December 20, 2016.

19. This is an action for breach of contract arising out of UNITED HEALTHCARE's wrongful denial of the Plaintiffs' claims for medical care and treatment received by LAURA RAAB from October 1, 2014 through December 31, 2014, and paid by the Plaintiff, ANDRE RAAB. Plaintiffs have complied with all conditions precedent prior to filing of this lawsuit including the submitting of a Civil Remedies Notice of Insurer Violation a copy of which is attached hereto as Exhibit A, or they have been prevented from doing so as a result of the failure of the Defendant to provide information and an ability to contact and communicate with the Defendant in order to do so. Venue is proper in this county since the reimbursement of the funds paid by the Plaintiff, ANDRE RAAB, is due in the County, and the policy of insurance in question covers a named insured located within that County.

## COUNT I
## BREACH OF CONTRACT

Case 6:17-cv-01049-RBD-TBS   Document 2   Filed 06/08/17   Page 7 of 9 PageID 208

20. At all times material, the Plaintiffs and Defendant entered into a written contract for health insurance. Pursuant to this agreement, Defendant agreed to pay for medical expenses arising from care and treatment provided to the Plaintiff, ANDRE RAAB, and members of his family, including his dependent daughter, LAURA RAAB, and in exchange, Plaintiff agreed to and did render payment of the premiums for this policy. By virtue of their denial of various claims for medical care and treatment provided to LAURA RAAB between October 1, 2014 and December 31, 2014, and paid for by ANDRE RAAB. Defendant has failed and refused and still fails and refuses to perform its obligations under the contract of health insurance. Defendant's breach of the contract is a material breach that goes to the essence of the contract. Specifically, Defendant has breached this contract with the Plaintiff by and through the following acts:

    A.    Failing and refusing to reimburse Plaintiffs for medical care and services rendered to LAURA RAAB between October 1, 2014 and December 31, 2014;

    B.    Failing and refusing to review the Plaintiff's claim in a reasonable matter, including failing to inform the Plaintiff within a reasonable timeframe of the need for additional documentation to process claims made to UNITED HEALTHCARE;

    C.    Failing and refusing to conduct a reasonable investigation of Plaintiffs' claim following UNITED HEALTHCARE's denial; and

    D.    Failing to timely notify the Plaintiffs as to the current status of the claim and to provide requested information relating to UNITED HEALTHCARE's denial of Plaintiffs' claim.

21. As a direct and proximate result of the Defendant's breach of the contract, Plaintiff has incurred damages for advanced payment of medical bills in the amount of Forty Nine Thousand, One Hundred Eighty-Nine and NO/100 Dollars ($49,189.00) as a result of UNITED HEALTHCARE's breach of contract as alleged more specifically in Paragraph 5.

7

22. Furthermore, because of the Defendant's breach of contract, Plaintiffs have been required to retain counsel and are obligated to pay counsel for the attorney's fees incurred in connection with the prosecution of this matter.

WHEREFORE, Plaintiffs demand judgment for all available compensatory damages, interest, costs and attorney's fees, and demand a trial by jury.

## COUNT II
## STATUTORY BAD FAITH CLAIM AGAINST UNITED HEALTHCARE

23. Plaintiffs, ANDRE RAAB and LAURA RAAB, re-allege and reiterate the allegations contained in paragraphs 1 through 22 and further allege:

24. Following UNITED HEALTHCARE's breach of contract, the Plaintiffs submitted a Civil Remedy Notice of Insurer Violation to UNITED HEALTHCARE and the Florida Department of Insurance.

25. The violations of the Defendant alleged in the Civil Remedy Notice reference herein include:

    A. Section 624.155(1)(b)(1) Not attempting in Good Faith to settle claims won, under all circumstances, it could and should have done so, had it acted fairly and honestly toward its insured with due regard for her or his interest;

    B. Section 626.9541(1)(i)(3)(a) Failing to adopt and implement standards for the proper investigation of claims;

    C. Section 626.9541(1)(i)(3)(c) Failing to acknowledge and act promptly upon communications with respect to claims;

    D. Section 626.9541(1)(i)(3)(d) Deny claims without conducting reasonable investigations based upon available information;

    E. Section 626.9541(1)(i)(3)(f) Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

F. Section 626.9541(1)(i)(3)(g) Failing to promptly notify the insured of any additional information necessary for the processing of a claim; and

G. Section 626.9541(1)(i)(3)(h) Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

26. The Defendant, UNITED HEALTHCARE, failed to properly respond to the allegations in the Civil Remedy Notice relating to the denial of Plaintiffs' claim as required by Florida law and further failed to tender all available insurance benefits within the statutory cure period.

27. Based upon Defendant, UNITED HEALTHCARE's, bad faith conduct, Plaintiff is entitled to recover the total amount of all damages awarded by the jury, along with reasonable attorney's fees and costs.

WHEREFORE, the Plaintiffs, ANDRE RAAB and LAURA RAAB, demand judgment against UNITED HEALTHCARE INSURANCE COMPANY, for all available compensatory damages, interest, costs, attorney's fees, and further demand a trial by jury.

DATED this 12*TH* day of April, 2017.

GEOFFREY D. RINGER, ESQUIRE
Florida Bar Number 336416
ALAN P. MIRELMAN, ESQUIRE
Florida Bar Number 018037
Ringer, Henry, Buckley & Seacord, P.A.
105 East Robinson Street, Suite 400
Post Office Box 4922
Orlando, FL 32802-4922
Telephone (407) 841-3800
Facsimile (407) 841-3855
Email: service-ringer@ringerhenry.com
service-all@ringerhenry.com
Attorneys for Plaintiffs, LAURA RAAB and ANDRE RAAB

L:\M\Raab v UHC\PLD\Complaint.gdr