UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA RAAB and ANDRE RAAB,

    Plaintiffs,

v.                                      Case No: 6:17-cv-1049-Orl-37TBS

UNITED HEALTHCARE INSURANCE
COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc 12) and Plaintiffs' response (Doc. 25).

### Background

This is an action seeking medical benefits under a group health insurance policy ("Policy") that Defendant United Healthcare Insurance Company issued to Constant Innovation, LLC (Doc. 2). In 2015, Andre Raab submitted a claim under the Policy for his dependent, Laura Raab's medical expenses during 2014 (Doc. 2, ¶¶ 5-6). Defendant ultimately denied the claim (Id., ¶ 14). Based on this denial, Plaintiffs filed suit in state court, alleging claims for breach of contract (Count I) and statutory bad faith (Count II) (Id. ¶¶ 20-27). Defendant removed the case to this Court on June 8, 2017, on the ground that Plaintiffs' claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1, ¶ 7).

Defendant filed the instant motion to dismiss Count II on the grounds that a statutory bad faith claim is preempted by ERISA as it relates to the Policy. Plaintiffs filed a motion to remand, arguing that ERISA is inapplicable to the Policy (Doc. 18). Plaintiffs

also filed a response to the motion to dismiss (Doc. 25).

Following briefing, the District Judge denied the motion to remand, concluding that the Policy is governed by ERISA (Doc. 40). The Court then referred the matter *in toto* to the undersigned (specifically including Defendant's motion to dismiss) for appropriate resolution. Upon due consideration, I respectfully recommend that the motion to dismiss be **GRANTED.**

## Discussion

*Legal Standard*

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

*Analysis*

Defendant argues that the relief sought by Plaintiffs relates to an employee welfare benefit plan and, as such, ERISA preempts the state law count for statutory bad faith. See 29 U.S.C. § I 144(a) ("Except as provided in sub-section (b) of this section, the provisions

of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title ...."); Swerhun v. Guardian Life Ins. Co.,979 F.2d 195,199 (11th Cir.1992) (claim for statutory bad faith under Fla. Stat. § 624.155 preempted by ERISA); Kritzman v. UNUM Life Ins. Co. of Am., 928 F. Supp 1165, 1167-68 (M.D. Fla. 1996) (accord). Thus, as a matter of law, Defendant contends that Count II must be dismissed.

Plaintiffs' response was filed during the pendency of their motion to remand and reiterates their position as stated in that motion that the Policy is not governed by ERISA (Doc. 25). As the Court has now denied the motion to remand, finding that the Policy *is* governed by ERISA, this argument is foreclosed by the law of the case. The bad faith count is preempted by ERISA and thus fails to state a cause of action upon which relief may be granted. See Bridges v. Provident Life and Accident Insurance Co., 121 F.Supp.2d 1369 (M.D.Fla.2000); Chilton v. Prudential Insurance Co. of America, 124 F.Supp.2d 673, 680-82 (M.D.Fla.2000). Accordingly, Count II is due to be dismissed.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Motion to Dismiss Count II be **GRANTED.** The Court's ruling on the remand motion and the instant recommendation (if adopted) serve to convert Plaintiff's remaining breach of contract claim (Count I) to an ERISA claim. The case should proceed as set forth in the ERISA Case Management and Scheduling Order (Doc. 27).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 28, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record